COMMONWEALTH *vs.* JOHN J. BELEN. October 15, 1979. 1. The provisions of G. L. c. 277, § 72A, were not invoked by the demand for speedy trial which was filed in a District Court on April 1, 1976, because the defendant was not at that time a "prisoner serving a sentence of imprisonment." *Commonwealth* v. *Dabrieo*, 370 Mass. 728, 739-741 (1976). *Commonwealth* v. *Jones*, 6 Mass. App. Ct. 750, 752 (1978). 2. No affidavit, evidence, or argument pertinent to the issue of prejudicial delay was offered or advanced below in support of so much of the motion to dismiss filed in the Superior Court on February 24, 1977 (approximately five months following the return of the indictments and eleven months following the issuance of the original complaints), as referred to the defendant's constitutional right to a speedy trial. The defendant's present contention to the contrary is wholly without support in the record. 3. The record is devoid of any support for the defendant's contention, first advanced pro se immediately following the empaneling of the jury (see G. L. c. 234, § 31), that he was somehow deprived of one or more of his rights to due process, equal protection and the effective assistance of counsel by reason of trial counsel's alleged failure to advise him of his rights under G. L. c. 234, § 28. Indeed, the defendant personally declined the judge's express invitation to offer evidence in support of whatever the contention may have been.

*Judgments affirmed.*

The case was submitted on briefs.

*Edward R. Redd* for the defendant.

*Kevin M. Burke*, District Attorney, & *S. Jane Haggerty*, Assistant District Attorney, for the Commonwealth.